No. 23,578.

W. S. Hoag et al., *Appellees*, v. Ben Kuiken et al., *Appellants*.

### SYLLABUS BY THE COURT.

Specific Performance—*Sale of Shares of Bank Stock*—*Damages.* Under a contract with stockholders to increase the capital stock of a bank and to sell part of the new stock to certain parties if satisfactory to all the stockholders and approved by them, there is no liability for failure to sell to the parties with whom the contract is made nor for voting not to comply with the contract when it is objected to and disapproved by some of the stockholders.

Appeal from Jewell district court; WILLIAM R. MITCHELL, judge. Opinion filed June 10, 1922. Reversed.

*D. M. McCarthy,* of Mankato, *David Ritchie,* and *Omer D. Smith,* both of Salina, for the appellants.

*R. W. Turner, D. F. Stanley,* and *R. B. Turner,* all of Mankato, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs sued to compel the specific performance of a contract for the sale of shares of stock in a bank; to have defendants Ben Kuiken and R. D. Rose decreed the holders in trust of a number of shares of the stock for the use and benefit of the plaintiffs; and, if it were impossible to compel specific performance of the sale of the shares of stock in the bank, to recover damages for the failure of the defendants to comply with the contract. Judgment was rendered in favor of the plaintiffs for $300 damages, and the defendants appeal.

Findings of fact and conclusions of law were made by the court. The findings of fact showed that defendants Ben Kuiken, R. D.

Hoag v. Kuiken.

Rose, Charles Thompson, John Denton, and William Bechtold were stockholders and directors of defendant, The Ionia State Bank of Ionia, Kansas; that they owned a majority of the stock in the bank; that the plaintiffs began the organization of another bank to be established in Ionia; that negotiations resulted and a contract was entered into between the plaintiffs and defendants Ben Kuiken, R. D. Rose, Charles Thompson, John Denton, and William Bechtold by which they agreed to increase the capital stock of the Ionia State Bank from $10,000 to $20,000, to sell to each of the plaintiffs twenty shares of stock at the price of $125 a share, to increase the number of the directors of the bank from five to seven, and to elect two of the plaintiffs to the board of directors. Findings of fact numbered 16, 17, 18, and 19 were as follows:

"16. That the defendants stated at the time of the entering into said oral contract and their understanding was that it was not to be binding unless it was satisfactory to and approved by all of the stockholders of the bank.

"17. It was further understood by and between plaintiffs and defendants that defendants would in good faith try to procure the consent of the stockholders to the terms of said agreement.

"18. That defendants did pursuant to said agreement call a stockholders' meeting for April first, 1919, at the defendant bank, and immediately set about in good faith to procure the consent of the stockholders to the oral agreement of the directors of said bank with plaintiffs.

"19. That the defendant Denton never was favorable to the agreement with plaintiffs and that the other stockholders of the bank, not defendants herein, immediately began to oppose the proposed action of the defendants, and many of the depositors and customers of said bank expressed themselves as opposed to the plaintiffs' procuring so large a block of stock and some of them threatened to withdraw their deposits and business from the defendant bank if the proposed deal was consummated."

The court further found that when the stockholders met, it was unanimously determined to increase the capital stock of the Ionia State Bank to $20,000 and that it was also unanimously determined not to sell twenty shares of the new stock to each of the plaintiffs and not to sell more than five shares to any one person.

The contract was not violated by the defendants. It provided that "it was not to be binding unless it was satisfactory to and approved by all of the stockholders of the bank"; the contract was not satisfactory to all the stockholders; some of them objected to it; neither was it approved by all of them.

The defendants voted not to sell twenty shares of stock to each of the plaintiffs. The plaintiffs argue that by thus voting, the defend-

ants violated their contract. That puts a wrong interpretation on it. The defendants held a majority of the stock and could have voted to increase that stock and to sell to each of the plaintiffs twenty shares; but, their contract was not to sell to the plaintiffs unless it was satisfactory to all the stockholders. When the defendants learned that the contract was objected to by some of the stockholders and that they disapproved it, the defendants were released from all obligation to the plaintiffs under it. There was no binding contract until it was approved by all the stockholders.

The judgment is reversed, and the trial court is directed to enter judgment for the defendants.

---

### OPINION DENYING A REHEARING.

(Filed July 8, 1922.)

The opinion of the court was delivered by

MARSHALL, J.: In an application for rehearing, an error in copying one of the findings of fact is called to the attention of the court. The error was in the seventeenth finding; it should have been quoted as follows:

"17. It was further understood by and between plaintiffs and defendants that the defendants would in good faith try to procure the consent of the stockholders to the terms of said agreement, *and that a vote of two-thirds of the stockholders was necessary to legally approve the same.*"

The italicized portion of the finding was omitted. This makes it necessary to quote another finding as follows:

"That at the stockholders meeting on April 1, the defendants in this action had in addition to their own stock a proxy for seven shares of the Davis stock, issued to R. D. Rose and a proxy for one share of Dusenbury stock, issued to Ben Kuiken, making a total of sixty-six shares of the capital stock consisting of one hundred shares of the defendant bank that could be voted by the defendants either by reason of ownership or proxy."

This correction and addition do not make any change in the result. The contract was "not to be binding unless it was satisfactory to and approved by all the stockholders of the bank." The contract was not satisfactory to and was not approved by all of the stockholders of the bank. That ends the matter, and it is not necessary to say anything further, but the last part of the seventeenth finding of fact, the part that was omitted, will be noticed. That finding, so far as this discussion is concerned, reads, "It was further understood . . . that a vote of two-thirds of the stockholders was

necessary to legally approve the same." Considering the sixteenth and seventeenth findings together, if the contract was that it should be satisfactory to and be approved by all the stockholders and that two-thirds of the stockholders should vote to increase the stock and sell to the plaintiff part of the increase, the defendants did not violate the contract for the reason that it was not satisfactory to and was not approved by all of the stockholders and the defendants .did not have two-thirds of the stock in the bank that they could vote to increase the capital stock and sell part of it to the plaintiff.

A rehearing is denied.